IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DOUGLAS COOPER,	COMPLAINT
                         Plaintiff,	Jury Trial

   - against -
                                                  Civil No.:

THE CITY OF NEW YORK, POLICE OFFICER
JOSEPH CHARNECO (badge #954633),
POLICE OFFICER WILSON and
DETECTIVE DEVIN LONG
(badge number 940388),
                         Defendants.
---------------------------------------------------------------x

      Plaintiff, DOUGLAS COOPER, by and through his attorney, S. JOHN BAYDAR, ESQ., as and for his Complaint against the defendants, respectfully shows to the Court and alleges:

## INTRODUCTION

1. This is an action in which the plaintiff seeks monetary damages and other appropriate relief for the violation of his constitutional and civil rights.

2. This action arises out of the false arrest and false imprisonment of the plaintiff by the defendants and the defendants' utilization of excessive force and deprivation of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

3. Jurisdiction of this court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, Pendent Party Jurisdiction.

5. The jurisdiction of this Court is invoked in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action where the Plaintiff seeks, if appropriate, declaratory relief and injunctive relief in addition to monetary damages.

6. Plaintiff requests that the Court assume pendent party and pendent claim jurisdiction over all State claims deriving from and out of the same transaction and occurrence giving rise to the federally based claims and causes of action and having, with such, a common nucleus of operative facts.

7. The value of the rights in question is in excess of $50,000.00 exclusive of interest and costs.

8. This is an action wherein and by which plaintiff Douglas Cooper seeks vindication for the violation of his constitutional and civil rights and his rights as otherwise guaranteed under law.

## THE PARTIES

9. That at all times hereinafter mentioned, plaintiff DOUGLAS COOPER was and still is an individual residing in the County of Kings, City and State of New York.

10. That, upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, defendant police officer Joseph Charneco (badge #954633, hereinafter "defendant officer Charneco") was a police officer and employee of defendant THE CITY OF NEW YORK.

12. That at all times hereinafter mentioned, defendant police officer Wilson (first

name and badge number unknown, hereinafter "defendant officer Wilson") was a police officer and employee of defendant THE CITY OF NEW YORK.

13. That at all times hereinafter mentioned, defendant detective Devin Long (badge #940388, hereinafter "defendant detective Long") was a police detective and employee of defendant THE CITY OF NEW YORK

14. That at all times hereinafter mentioned, defendant officer Charneco acted under color of New York State law and his acts proximately caused plaintiff's false arrest, false imprisonment, injuries, pain, suffering, anguish and emotional distress.

15. That at all times hereinafter mentioned, defendant officer Wilson acted under color of New York State law and his acts proximately caused plaintiff's false arrest, false imprisonment, injuries, pain, suffering, shock, anguish and emotional distress.

16. That at all times hereinafter mentioned, defendant detective Long acted under color of New York State law and his acts proximately caused plaintiff's false arrest, false imprisonment, injuries, pain, suffering, shock, anguish and emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION:

17. Plaintiff repeats, reiterates and realleges paragraphs "1" through "16" inclusive, with the same force and effect as if more fully and specifically set forth herein at length.

18. That on April 11, 2015 at or about 2:30 p.m. of that day, plaintiff was lawfully and peaceably traversing the public sidewalk of Rutland Road between East 91st and East 92nd Streets, County of Kings, City and State of New York, when defendant Charneco and another police officer whose identity is unknown to plaintiff, with force and arms, wrongfully, intentionally, knowingly and willfully arrested plaintiff without cause, and held plaintiff in

confinement and transported him in chains, shackles and/or handcuffs and plaintiff was forcefully taken to the 67th Precinct station house of the New York City Police Department and there imprisoned in a holding cell.

19.    Thereafter, plaintiff was transported in handcuffs from the 67th Precinct to Central Booking where he was photographed and fingerprinted against his will by a police officer whose identity is currently unknown to plaintiff and other employees of the New York City Police Department, after which plaintiff was again imprisoned in a holding cell; all of the foregoing being done unlawfully, maliciously and wrongfully against the plaintiff's will and without just or probable cause.

20.    That defendants imprisoned and restrained plaintiff and deprived plaintiff of his liberty aforesaid, against plaintiff's will, without reasonable cause, and without any right or authority to do so, from April 11, 2015 at approximately 2:30 p.m. until April 12, 2015 at approximately 12:01 a.m.

21.    That on April 12, 2015 at approximately 12:01 a.m., employees of defendant THE CITY OF NEW YORK surreptitiously released plaintiff from Central Booking without proffering any criminal charges against him and without presenting him to a judge.

22.    That, upon information and belief, at all material times on April 11 and April 12, 2015, defendant police officer Charneco and another police officer whose identity is currently unknown to plaintiff were acting in the scope of their employment when they unlawfully arrested and detained plaintiff.

23.    That the arrest and imprisonment of plaintiff by defendants Charneco and another police officer was without any warrant authorizing his arrest and without any right or authority

4

to do so, but was based, upon information and belief, on unlawful orders and/or instructions received from defendant detective Long.

24. That prior to and at the time of his arrest and thereafter, plaintiff protested to and informed defendants police officer Charneco, police officer Wilson, detective Long and other employees of the New York City Police Department that he had committed no crime or arrestable offense and that there was no lawful reason to arrest him.

25. In spite of plaintiff's protestations, the aforementioned named defendants and other employees of defendant THE CITY OF NEW YORK, in wanton and intentional disregard of such information, arrested and handcuffed plaintiff and compelled plaintiff to submit to a search of his clothing and person, all in the presence of a crowd of spectators, and forcefully compelled plaintiff while handcuffed to enter a police vehicle used for the transportation of criminals.

26. That plaintiff was wholly innocent of the offenses for which he was arrested, and by reason of said false, illegal arrest, detention and imprisonment, plaintiff suffered great embarrassment, mortification and mental anguish and was subjected to great humiliation and disgrace in being so falsely and illegally arrested and detained as a common criminal.

27. That the defendant, their agents, servants and/or employees wrongfully, willfully and maliciously, and without right, warrant or pretense of legal process, imprisoned and confined plaintiff, and deprived him of his liberty, as aforesaid. The actions of the defendants deprived plaintiff of his liberty and subjected him to ridicule, scorn and derision by those in the community knowing of his arrest and detention. Said arrest and detention were made and caused to be made by the defendants without any justification, cause or lawful excuse therefor, and

without any warrant or other process of any court directing or authorizing the arrest, detention, fingerprinting and photographing of plaintiff.

28. Plaintiff was then hindered and prevented from performing and transacting his affairs and business; plaintiff has suffered and still suffers great mental and emotional pain and distress and has suffered severe nervous shock.

29. That by reason of the foregoing, plaintiff is entitled to an award of damages for false arrest and false imprisonment in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, plus punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION:

30. Plaintiff repeats, reiterates and realleges paragraphs "1" through "29" inclusive, with the same force and effect as if more fully and specifically set forth herein at length.

31. That between April 11, 2015 at approximately 2:30 p.m. and April 12, 2015 at approximately 12:01 a.m., the defendants, their agents, servants and/or employees assaulted plaintiff and used excessive and unreasonable force to arrest and detain plaintiff, to wit: by unlawfully and intentionally menacing, grabbing, shoving and otherwise aggressively touching plaintiff without justification, excuse or consent of plaintiff.

32. That by reason of the foregoing, plaintiff is entitled to an award of damages for assault and battery in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, plus punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION:

33. Plaintiff repeats, reiterates and realleges paragraphs "1" through "32" inclusive, with the same force and effect as if more fully and specifically set forth herein at length.

34. That the arrest and detention of plaintiff herein was made without a warrant or other legal process and without justification or probable cause, was unprovoked, and there was no cause or reason for the defendants to think or believe that plaintiff had committed any crime.

35. That prior to his unlawful arrest by the defendants, plaintiff enjoyed a good reputation in the City of New York in general and in and about the County of Kings in particular.

36. That prior to his unlawful arrest by the defendants, plaintiff enjoyed a good reputation for honesty, integrity good citizenship in the City of New York in general and in and about the County of Kings in particular.

37. That by reason of defendants' false, illegal arrest, detention and imprisonment of plaintiff as aforesaid, plaintiff suffered great embarrassment, mortification and mental anguish and was subjected to great humiliation and disgrace in being so falsely and illegally arrested and detained as a common criminal.

38. That the conduct of defendants aforesaid was extreme and outrageous. As a direct result thereof, plaintiff suffered emotional shock, fright and fear of imminent death and/or serious physical injury, commonly known as "police brutality."

39. That by reason of the foregoing, plaintiff is entitled to an award of damages for intentional infliction of emotional distress in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, plus punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION:

40. Plaintiff repeats, reiterates and realleges paragraphs "1" through "39" inclusive, with the same force and effect as if more fully and specifically set forth herein at length.

41. That by reason of the matters alleged in paragraphs 33 through 39 hereinabove, plaintiff is entitled to an award of damages for negligent infliction of emotional distress in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, plus punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION:

42. Plaintiff repeats, reiterates and realleges paragraphs "1" through "41" inclusive, with the same force and effect as if more fully and specifically set forth herein at length.

43. That defendant THE CITY OF NEW YORK, through its agents, servants and/or employees, including but not limited to defendants police officer Charneco, police officer Wilson and detective Long, did conspire to arrest plaintiff, imprison him, "process" him at Central Booking, and thereafter release him on the streets of Brooklyn in the middle of the night, all without just cause or legal justification.

44. That the aforesaid conspiracy was undertaken by the defendants, their agents, servants and/or employees in the course and scope of their employment as police personnel employed by defendant THE CITY OF NEW YORK and was motivated and actuated by malice, hatred and ill-will toward plaintiff by reason of plaintiff's race and color (Black) and plaintiff's socio-economic status (low-income East New York resident).

45. That the aforesaid conspiracy by and among the defendants caused plaintiff to be

arrested and imprisoned without cause for nine and one-half (9-1/2) hours, during which time plaintiff suffered emotional shock, fright and fear of imminent death and/or serious physical injury, commonly known as "police brutality," at the hands of the defendants, solely because of plaintiff's race and color and plaintiff's socio-economic status.

46. By reason of all the foregoing, the defendants violated plaintiff's civil rights under 42 USC Section 1983 in that plaintiff was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States of America by persons who, under color of a statute or regulation of a State, caused plaintiff to be so deprived and other and further violations of plaintiff's rights and privileges secured to him under the Constitutions of the United States and the State of New York.

47. That by reason of the aforementioned conspiracy to violate plaintiff's civil rights, and defendants' actual violation thereof, plaintiff is entitled to an award of damages in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, plus punitive damages.

WHEREFORE, plaintiff DOUGLAS COOPER demands judgment against all defendants to compensate him for the unlawful acts of the defendants enumerated in the First, Second, Third, Fourth, and Fifth causes of action herein, such judgement sought on each cause of action for compensatory damages being in excess of the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in in amounts to be determined at the trial of this action, plus punitive damages against the defendants in each cause of action to be determined at the trial of this action, together with interest and the costs and disbursements of

this action.

Dated: Brooklyn, New York
       April 10, 2018

                                                  S. JOHN BAYDAR, ESQ.

                                                  By: *S. John Baydar*
                                                  Attorney for Plaintiff
                                                  DOUGLAS COOPER
                                                  2186 Flatbush Avenue
                                                  Brooklyn, NY 11234
                                                  (718) 252-4700

# VERIFICATION

STATE OF NEW YORK  )
                   : ss:
COUNTY OF KINGS    )

DOUGLAS N. COOPER, being duly sworn, deposes and says:

That I am the plaintiff in the within action and I have read the foregoing COMPLAINT and know the contents thereof; the same is true to deponent's own knowledge, except as to those matters therein alleged to be upon information and belief, and as to those matters deponent believes it to be true.

_____
DOUGLAS N. COOPER

Sworn to before me this
10th day of April, 2018

_____
Notary Public

S. JOHN BAYDAR
Notary Public, State of New York
No. 02BA4876948
Qualified in Westchester County
Commission Expires October 20, 20 18